IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEST FLOW LINE EQUIPMENT, LP, | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:15-cv-2358 |
| CANARY WELLHEAD EQUIPMENT, INC.; CANARY DRILLING SERVICES, LLC; and CANARY, LLC, | § § § § § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)

DEFENDANTS, Canary Wellhead Equipment, Inc. ("CWE"), Canary Drilling Services, LLC ("CDS"), and Canary, LLC ("Canary") (collectively, "Defendants"), by and through their undersigned attorney, hereby give notice of removal under 28 U.S.C. § 1441(a) to the United States District Court for the Southern District of Texas of the action brought against Defendants in the 157th District Court of Harris County, Texas, Case Number 201541674, and, as grounds therefore, state as follows:

## FACTUAL BACKGROUND

1. Plaintiff, Best Flow Line Equipment, LP ("Plaintiff"), commenced a civil action in the 157th District Court of Harris County, Texas, Case Number 201541674, against Defendants on July 20, 2015 by filing the Original Petition and Request for Disclosure attached hereto as Exhibit A ("Petition"). The Petition does not make a jury demand.

2. In its Petition, Plaintiff alleges that Defendants breached a contract with Plaintiff by allegedly failing to pay for oilfield equipment and seeks monetary relief in excess of $100,000

and attorney fees under Section 38.001 of the Texas Civil Practice and Remedies Code.  (*See* Ex. A at 1.)

3. Although Defendants have not answered, Defendants generally deny Plaintiff's allegations and intend to assert counterclaims seeking damages caused by Plaintiff's defective oilfield equipment.

4. As stated in the Petition, Plaintiff is a limited partnership formed in Texas.  (*Id.*, ¶ 1.)

5. Plaintiff's Amended and Restated Certificate of Formation, filed with the Secretary of State of Texas and attached hereto as Exhibit D, demonstrates that Plaintiff's sole general partner is Eagleton Ventures, Inc. ("Eagleton"), 9298 Baythorne Drive, Houston, Texas 77041. (Ex. D at 1.)

6. Eagleton is a Texas corporation.  (Ex. E, Articles of Amendment to the Articles of Incorporation, at 1.)

7. As further stated in the Petition, CWE is an Oklahoma corporation.  (Ex. A, ¶ 2.) CWE's principal place of business is 410 17th Street, Suite 1320, Denver, Colorado 80202.

8. CDS is a North Dakota limited liability company.  (*Id.*, ¶ 3.)  CDS's principal place of business is 410 17th Street, Suite 1320, Denver, Colorado 80202.  CDS's sole member is Canary.

9. Canary is a Nevada limited liability company.  (*Id.*, ¶ 4.)  As stated in Canary's filings with the Nevada Secretary of State, Canary's members are Dan K. Eberhart, Donald H. Pfister, and Frontier Energy Group, Inc. ("Frontier").  (Ex. F, Canary Business Entity Information,

at 1-2.)[1]  As further stated in Exhibit F, Mr. Eberhart resides in Scottsdale, Arizona, and Mr. Pfister resides in Trout Creek, Montana.  (*Id.*)  Canary's principal place of business is 410 17th Street, Suite 1320, Denver, Colorado 80202.

10.	Frontier is a Nevada corporation.  Frontier's principal place of business is 410 17th Street, Suite 1320, Denver, Colorado 80202.  (*Id.*)

## BASIS FOR REMOVAL

11.	Defendants have a proper basis for removal because (1) the district courts of the United States have original diversity jurisdiction over this case under 28 U.S.C. § 1332(a), and (2) this Court embraces the place where the underlying state court action is pending.  *See* 28 U.S.C. § 1441(a).

**a.	The Court Has Diversity Jurisdiction of this Action.**

12.	Diversity jurisdiction exists under 28 U.S.C. § 1332(a) where (1) the plaintiff and defendants are citizens of different states and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

13.	Partnerships and limited liability companies are citizens of the states of residence of their partners and members, respectively.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 194-95 (1990) (basing the citizenship of a partnership on the citizenship of its partners); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding the citizenship of a limited liability company is determined by the citizenship of all of its members).  A corporation is a citizen of the

---

[1] Exhibit F was printed from the Nevada Secretary of State website.  Canary electronically submits its Annual List containing its updated business entity information to the Nevada Secretary of State on an annual basis.  Therefore, no paper filing containing the information found in Exhibit F exists. Exhibit F can be accessed with the following hyperlink: http://nvsos.gov/sosentitysearch/CorpDetails.aspx?lx8nvq=ZXPB794FGtWc4nhNAxdzzA%253d%253d (last visited Aug. 13, 2015).

state in which it is incorporated and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

14. Complete diversity exists between Plaintiff and Defendants. Under the foregoing standard, Plaintiff is a Texas citizen because its sole partner—Eagleton—is a Texas corporation. (Ex. E at 1.) CWE is a citizen of Oklahoma and Colorado because CWE is incorporated in Oklahoma and maintains its principal place of business in Colorado. CDS is a Nevada citizen because its sole member—Canary—is a Nevada limited liability company. Canary is a citizen of Arizona, Montana, Nevada, and Colorado because its first member—Mr. Eberhart—is an Arizona resident; its second member—Mr. Pfister—is a Montana resident; and its third member—Frontier—is incorporated in Nevada and maintains its principal place of business in Colorado. (Ex. F at 1-2.) Therefore, complete diversity exists under 28 U.S.C. § 1332(a) because no Defendant is a citizen of the same state as Plaintiff.

15. The amount in controversy in this action exceeds the threshold of $75,000.00, exclusive of interest and costs, established by 28 U.S.C. § 1332(a). Specifically, Plaintiff certified in its Petition that the amount in controversy exceeds $100,000, excluding interest and costs. (Ex. A at 1.)

16. Consequently, the United States District Court for the Southern District of Texas has original jurisdiction over this matter under 28 U.S.C. § 1332(a).

**b.    Defendants Have Properly Sought Removal of this Action to the Houston Division.**

17. 28 U.S.C. § 1441(a) provides that a defendant may remove any civil action brought in a state court of which the district courts of the United States have original jurisdiction to the district court of the United States for the district and division embracing the place where such action is pending.

18.     The Houston Division of the United States District Court for the Southern District of Texas embraces the 157th District Court of Harris County, Texas, where this action is pending.

**c.     Defendants Have Given Timely Notice of Removal.**

19.     28 U.S.C. § 1446(b) provides that a defendant must file a notice of removal within thirty days of receiving the initial pleading through service or otherwise.  *See J.R. Laughead, Inc. v. Air Dayco Corp.*, 942 F. Supp. 339, 341 (S.D. Tex. 1996) (holding that a defendant need not receive actual service for the thirty-day period for removal to commence).

20.     Although Plaintiff has not served the Petition on Defendants, Defendants first received notice on August 5, 2015 that Plaintiff had filed the Petition.  Accordingly, the state court action is ripe for removal, and this notice is timely filed in accordance with 28 U.S.C. § 1446(b).

21.     For the foregoing reasons, this action is removable from the 157th District Court of Harris County, Texas, to this Court under 28 U.S.C. §§ 1441(a) and 1446.  Defendants give notice of removal of the action pending against them to the United States District Court for the Southern District of Texas.

## REMOVAL PROCEDURE

22.     In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the District Court of Harris County, Texas, and give written notice to Plaintiff after filing this Notice of Removal.

23.     Attached hereto are copies of all process, pleadings, and orders in Case Number 201541674 in the 157th District Court of Harris County, Texas, including the following:

   a.  Index of Matters Filed;

   b.  Ex. A, Plaintiff's Original Petition and Request for Disclosure;

   c.  Ex. B, District Court of Harris County, Texas Civil Case Information Sheet;

    d. Ex. C, Docket Sheet for Case Number 201541674 in the 157th District Court of Harris County, Texas;

    e. Ex. D, Plaintiff's Amended and Restated Certificate of Formation;

    f. Ex. E, Eagleton's Articles of Amendment to the Articles of Incorporation;

    g. Ex. F, Nevada Secretary of State Business Entity Information for Canary; and

    h. List of All Counsel of Record.

24. This Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

## **PRAYER**

WHEREFORE, Defendants respectfully request, by this Notice of Removal, that this Court remove Case Number 201541674 in the 157th District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas.

    Respectfully submitted,

    LAMBOURN LAW FIRM, PLLC

    */s/ Robin R. Lambourn*

    _____

    Robin R. Lambourn
    Texas Bar No. 24055814
    S.D. Tex. Bar No. 685353
    LAMBOURN LAW FIRM, PLLC
    P.O. Box 9123
    Denver, Colorado 80209
    Telephone: (720) 507-1590
    Facsimile: (720) 634-1050
    E-Mail: rlambourn@lambournlaw.com

    ATTORNEY-IN-CHARGE FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) has been served via facsimile on the following counsel of record for Plaintiff in Case Number 201541674 in the 157th District Court of Harris County, Texas, on this 14th day of August, 2015:

    Carey Scott Davis
    Dennis A. McQueen
    Pagel, Davis & Hill, PC
    1415 Louisiana, 22nd Floor
    Houston, Texas 77002
    Facsimile:  (713) 951-0662

                                */s/ Robin R. Lambourn*
                                _____
                                Robin R. Lambourn